FILED

OCT 14 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

BALKAR SINGH,

              Petitioner,

v.

WILLIAM P. BARR, Attorney General,

              Respondent.

No.    18-72301

Agency No. A202-067-691

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 8, 2020[**]
Seattle, Washington

Before: GRABER and W. FLETCHER, Circuit Judges, and KOBAYASHI,[***]
District Judge.

Petitioner Balkar Singh is a native and citizen of India. He seeks review of

the Board of Immigration Appeals' ("BIA") final order affirming the immigration

---

    [*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]      The Honorable Leslie E. Kobayashi, United States District Judge for the District of Hawaii, sitting by designation.

judge's ("IJ") denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We deny the petition.

The IJ found Petitioner not credible, and the BIA affirmed the adverse credibility determination. We review an adverse credibility finding for substantial evidence. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). "[W]e must uphold the IJ's adverse credibility determination so long as even one basis is supported by substantial evidence." *Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011).

The BIA recited and relied on evidence that amply supported the adverse credibility finding, including inconsistencies between Petitioner's testimony and documentary evidence. Petitioner testified that he had been attacked and beaten with sticks on two occasions by members of another political party; however, a written document purporting to have been prepared by his own party recounted that Petitioner was "many times arrested and tortured by state police." Two documents concerning the length of Petitioner's medical treatment were inconsistent with each other. Petitioner's testimony was also inconsistent with a declaration by his wife concerning who went to the police station to report the beatings and who received threatening phone calls. While Petitioner testified that

his father received the calls and relayed them to his wife, his wife reported that she received them directly and as a result had to change her telephone number.

Petitioner was asked about these inconsistencies and was given an opportunity to explain them. *See Ren v. Holder*, 648 F.3d 1079, 1092 n.14 (9th Cir. 2011) (describing how the BIA must give a petitioner an opportunity to explain any inconsistency that is relied on for an adverse credibility determination). The IJ considered Petitioner's explanations but found them insufficient, and the BIA found this determination to be without clear error. We conclude that Petitioner's explanations do not compel a contrary conclusion. 8 U.S.C. § 1252(b)(4)(B).

The BIA's denial of Petitioner's eligibility for asylum and withholding was properly made upon the adverse credibility finding which was supported by substantial evidence. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). The BIA also considered the remaining record as a whole and properly determined that the Petitioner failed to establish a cognizable claim under CAT. *Id.* at 1156–57; *Shrestha,* 590 F.3d at 1049.

**PETITION DENIED.**